## V. M. LEACH v. THE NISLEY CO.

and

## IRENE LEACH v. THE NISLEY CO.

Eastern Section. May, 1929.

Petition for Certiorari denied by Supreme Court, October 12, 1929.

Lee, Price, McDermott & Meek, of Knoxville, for appellant.
Jennings, Saxton & Wright, of Knoxville, for appellee.

SENTER, J. These cases grew out of the same transaction, and were consolidated and heard before the same court and same jury at the same time. The suit of V. M. Leach, the husband of Irene Leach, was an action to recover for loss of services and expenses incurred on account of certain alleged personal injuries sustained by his wife, growing out of an alleged deleterious or impure semi-liquid shoe polish alleged to have been purchased by Irene Leach from the defendant below; and the suit of Irene Leach was to recover for alleged personal injuries sustained by her because of the defective and explosive character of a tube of semi-liquid shoe polish, alleged to have been purchased by her from the defendant below, under an implied warranty that the tube of shoe polish did not contain any dangerous substance, and was not explosive, and not such a commodity as would result in the personal injuries sustained by plaintiff in the use of the shoe polish for which it was purchased, and that the implied warranty was breached, in that

the shoe polish contained in a tube was explosive, impure and improperly put up, and was not fit for the use for which it was sold and was dangerous to use; that in attempting to use the shoe polish she removed the metal cap and applied gentle pressure to the tube, and that the substance squirted from the tube and a considerable quantity went into her eye, and from which she suffered considerable pain and that her eye was rendered permanently impaired by the substance going into her eye.

These facts were appropriately averred in the respective declarations filed. Pleas of not guilty and of non assumpsit were filed.

At the conclusion of the evidence offered by plaintiffs below, the defendant below made a motion in the respective suits for a directed verdict in its favor. This motion was sustained by the trial judge, and the suits dismissed at the cost of the respective plaintiffs below.

For convenience the parties will be referred to as in the court below, Irene Leach and V. M. Leach, as the plaintiffs, and the Nisley Co., as the defendant.

Evidence was introduced by the plaintiffs to show that plaintiff, Mrs. Irene Leach, had purchased a pair of slippers from the defendant, and soon thereafter the front of one of the slippers became scratched or cut while the plaintiff, Mrs. Irene Leach, was wearing the slippers, by coming in contact with a wire at the street curb. The following day she sent the slippers by her husband to the store conducted by the defendant to see if the damage to the slipper could be corrected or repaired. The salesman for the defendant stated to the husband that he would investigate with a shoe repairer to see if the shoe could be repaired, and suggested that he come back the following day. On the next day the husband returned and was informed by the shoe salesman of the defendant that the repairer had advised that the shoe could not be patched or repaired, but suggested that the only remedy would be to use shoe-polish to conceal the defect. Whereupon, the husband, V. M. Leach, purchased from the salesman of the defendant the tube of shoe polish on the recommendation of the salesman, and paid the salesman for the tube of polish. The tube of shoe polish was put up in a paper carton or box. On the box or the tube instructions for the use of the contents were given. The plaintiff, Mrs. Irene Leach, when she received the polish from her husband, took the tube out of the paper box container, and took the tube into the bathroom to apply the polish to the damaged shoe. She stated that she unscrewed the metal cap from the tube, and applied gentle pressure to the tube and that the contents squirted out and about a teaspoonful of the substance went into her right eye, which caused her great pain and suffering, and that her eye was treated by an eye specialist and the vision of this eye was impaired. A portion

of the fluid, when the pressure was applied by her, went onto the wall or ceiling of the bathroom. The eye specialist testified that he treated Mrs. Leach, and that the eye was injured by this fluid, and that Mrs. Leach had suffered partial permanent impairment of the eye, about ten per cent deficiency. Mrs. Leach claimed that she gave the money to her husband with which to make this purchase or to have the shoe repaired, and that the purchase of the shoe polish was made with her money. V. M. Leach admitted that the money with which the purchase was made was earned by him, and that he had given the money to his wife. Under these facts the learned special trial judge, who was the regular Chancellor of the division sitting by inter-change, held that the plaintiffs had not made out a case of liability, and sustained the motion for a directed verdict to the jury in favor of the defendant. The action of the trial judge in sustaining the motion of defendant for directed verdicts, and in overruling plaintiffs' motions for a new trial, is made the basis of the assignment of error.

Appellee, in the reply brief, calls the attention of this court to the form of appeal granted by the trial judge, and that the appeal was granted on condition that appellants file an appeal bond, and that the court extended the term for perfecting the appeal to forty-five days from the date of the judgment. Appellants, in lieu of filing appeal bonds, have filed paupers oaths.

However, no motion to strike the case from the docket, or any other objection to the form of the appeal, or of the failure to comply with the order of the court granting the appeal by filing appeal bond, was made at the hearing or in the reply brief, by appellee, and in the absence of a formal motion or objection, we will dispose of the error assigned on this appeal on the merits.

It is insisted by appellants that Section 15 of Chapter 118, of the Public Acts of 1919, the Uniform Sales Act, makes the seller a guarantor of the article sold that it is suitable for the particular purpose for which it is purchased, where it appears that the buyer relies on the skill or judgment of the seller, and that to this extent Section 15 of Chapter 118, of the Acts of 1919, alters the common-law rule on the subject, and states that prior to the adoption of Uniform Sales Act, under the common law and the weight of authorities, the ultimate consumer who was injured by a latent defect in goods purchased, generally speaking, had no right of recovery against his immediate vendor, the retail dealer, and that there was no implied warranty under the common law, and hence negligence would have to be shown, but by Section 15 of the Uniform Sales Act, the seller impliedly warrants the article sold to be suitable for the purpose for which it is purchased, and to be free from imperfections, latent or otherwise.

Appellant cites Cotton Oil Co. v. Gin & Lbr. Co., 138 Tenn., 58, and 1 Williston on Sales (2 Ed.), 469-470-500-501, and Luria v. Kloff, 139 Md., 586, and Kennan v. Cherry & Webb, 47 R. I., 125.

Under the facts as developed, we deem it unnecessary to construe Section 15 to determine whether or not it alters the common-law rule, and if so to what extent. Conceding, for the purposes of this case, that there was an implied warranty that this tube of shoe polish was suitable for the purposes for which it was sold and not unsafe to use, we find no fact in the record that would sustain the contention that there had been any breach of an implied or actual warranty by the seller. This tube of shoe polish was recommended and sold as being suitable and safe to be applied to leather, or polishing leather shoes. The directions contained on the shoes and on the box containing the tube, stated how the polish should be applied; and that in applying the polish, which was in a semi-fluid, or thin paste, it was to be pressed from the tube on a cloth, and the polish applied with the cloth to the shoe. It could not have been in contemplation of either the seller or the manufacturer that the purchaser of the tube of polish would hold the same in such a position that the polish, when pressure was applied to the tube, would squirt up into the eye of the person using it, or that the person using it would hold the tube in such a position that this semi-liquid substance would squirt into the eye of the user. There is nothing in the record to indicate that the contents of the tube contained any explosive substance, or that it was improperly put into the tube, or that it was not suitable for the purpose for which it was sold. Mrs. Leach admits, on cross-examination, that she removed the metal cap from the tube and after removing the metal cap laid the tube down, and no explosion occurred. She states that it was not until she took the tube up and applied the pressure with her fingers, that the contents squirted out, a portion of which went into her eye. There was no evidence to show that the shoe polish was inherently dangerous when used according to instructions. The tube of paste is made an exhibit to the record, and the directions are printed on the tube. The major portion of this polish had been used or taken from the tube, and only a small part of the polish remained in the tube when it was introduced as evidence. No explanation is made as to what use was made of the balance, as only a small portion of it, comparatively, was emitted from the tube at the time of the alleged injury.

Appellee contends that even though there is an implied warranty as between the merchant and the purchaser, that under the evidence in this case, Mrs. Irene Leach was not the purchaser, but that her husband was the purchaser, and hence no contractual relation between the defendant and Mrs. Irene Leach existed. We

deem it unnecessary to determine the merits of this contention. We are of the opinion that in any event there is no evidence that this tube of shoe polish was not entirely suitable for the purposes for which it was sold. We think it clear from the record that the injury to plaintiff's eye resulted from her own act in applying pressure to the tube while holding it in a position that the contents, when forced from the tube by pressure, would fly into her eye, and that this injury would not have resulted if she had used the polish according to the directions contained on the tube, and had she squeezed it from the tube onto a cloth to be in that way applied to the shoe. In this view of the case we deem it unnecessary to discuss the authorities relied upon by the respective parties, since those cases all go to the question of an implied warranty by the seller that the article sold is reasonably fit for the purposes for which it is purchased, and free from inherent impurities or dangerous substances.

We find no error in the action of the learned trial judge, and the judgment is affirmed. Appellants will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.